MRS. CHARLES M. BOERMAN, NÉE MARÍA L. FORDHAM, Petitioner and Appellant, *v.* HEIRS OF ESTHER BESSIE BOERMAN, Contestants and Appellees.

No. 7064. Argued March 2, 1937.—Decided February 4, 1938.

608

*E. Ramos Antonini* for appellant. *Mariano Acosta Velarde* and *Federico Acosta Velarde* for appellees.

MR. JUSTICE WOLF delivered the opinion of the Court.

On December 31, 1932, Mrs. Charles M. Boerman, as judicial administratrix for the estate of Charles M. Boerman, filed a motion for extra compensation and attorney's fees before the District Court of Ponce. In this motion, which was interposed almost two years after the filing of her final account, she alleged that she had been administratrix over a period of fifteen years, had performed extraordinary duties and enumerated them; that she had been obliged to contract the professional services of attorney Ramos Antonini in order to prepare her final account and to defend her in the settlement thereof. She prayed the allowance of $9,000 as extra compensation to cover the fifteen years, at the rate of $50 a month, and $1,000 to cover the above mentioned attorney's fees. The heirs of Esther Bessie Boerman, as interested parties, opposed the above petition denying each and every allegation thereof and averring that Mrs. Charles

M. Boerman was only entitled, if at all, to the percentage on the amounts collected during the administration as provided by Section 586 of the Code of Civil Procedure. This statutory compensation was already withheld by her. The lower court, on December 28, 1933, denied the motion and the petitioner appealed.

 The heirs of Esther Bessie Boerman have moved to dismiss the appeal on two grounds, to wit, (a) that the order of December 28, 1933, was unappealable, and (b) that the statutory period for appeal, which the appellees propose should be ten days, had elapsed at the time the appeal was taken.

As to the second jurisdictional ground presented, this Court will take judicial notice of the fact that January 7, 1934, which was, under the appellees' theory, the last day on which the appeal could be taken, fell on a Sunday. Since the writ of appeal was filed on January 8, 1934, the appellant's proceeding is properly before us. (See Section 388 of the Political Code.)

 The other proposition for dismissing the appeal requires a close analysis of the legal principles governing the final settlement of decedent's estates. We feel, therefore, that a consideration of the appeal on its merits would provide a more satisfactory means of disposing of all the questions involved. This is especially so as we are inclined to consider an order of the nature of the one appealed from as partaking of the nature of a special order rendered after final judgment.

We cannot proceed to dispose of the case without commenting upon the brief presented by the appellant for our consideration. Two errors are assigned. The actual discussion of the points raised cover one and a half pages. The questions presented, as far as we know, have never been definitely decided by this Court, yet the appellant failed to contribute any specific jurisprudence or substantial argument to support her contentions.

On the subject of extra compensation we are inclined to agree with both the trial court and appellees. Our statute on the subject of compensation to administrators of decedent's estates expresses the exact percentage to be paid, and the jurisprudence of the United States, from which our enactment is taken, is almost unanimously as follows:

"When the exact amount of compensation or the maximum amount allowable is fixed by statute, in the absence of a testamentary or statutory provision for increased compensation for extraordinary services, personal representatives can be allowed only the fixed compensation, even though the administration of the estate has been especially difficult, or they have rendered unusual services which have benefited the estate." 24 C. J. 987, sec. 2423 and the many cases cited thereunder.

Mrs. Boerman also appeals from that part of the order which refused to allow her $1,000 as attorney's fees to be paid by her to Mr. Ramos Antonini for his services in helping her to prepare and render her final account, as well as in defending that final account from the objections filed by the present appellees. It appears from a record which is before this Court on a mutual appeal by the same parties from the order of the District Court of Ponce finally disposing of the final account rendered by Mrs. Boerman, appeal No. 7060, that the trial court sustained some of the objections to the account and dismissed others. Under the circumstances we feel that Mrs. Boerman was entitled to the use of an attorney to defend her account but not to a great amount for helping her prepare the same as we are not convinced that her administration from 1922 on was an extremely complicated or difficult one. As to attorney's fees for defending her final account we think the more equitable rule in this jurisdiction, where the compensation of the administratrix under the rule expressed in this same opinion is limited to that provided by statute, should be that stated in the cases of *Pinckard* v. *Pinckard*, 24 Ala. 250 and *Clark* v. *Eubank*, 80 Ala. 584, 3 So. 49. Summarized, it says that

when a final account is contested and some of the objections are sustained and some overruled, the administratrix should be allowed a proportionate amount of her attorney's fees. This rule, of course, presupposes good faith on the part of the administratrix. We have fully considered the litigation with regard to appellant's account and have found that many of its issues turned on questions of law. There is no room for concluding in this case that the administratrix did not discharge her duties faithfully.

The fees requested by the administratrix are, however, in our opinion, somewhat out of proportion with the amount involved in the final settlement. We think the appellant should be entitled to an allowance of $300 toward the settlement of these fees.

The order of the lower court should be modified so as to allow the administratrix the sum of $300 for attorney's fees in defending the final settlement of her account.

Mr. Chief Justice Del Toro and Mr. Justice Córdova Dávila took no part in the decision of this case.